SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar Number 8264
MELANEE SMITH
STEVEN J. ROSE
Nevada Bar Number 13575
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Melanee.Smith@usdoj.gov
Steven.Rose@usdoj.gov

DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section
U.S. Department of Justice
CHRISTOPHER O. TAYLOR
JUSTIN G. BISH
Trial Attorneys
Violent Crime and Racketeering Section
U.S. Department of Justice
Christopher.Taylor2@usdoj.gov
Justin.Bish@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JOSE LUIS REYNALDO REYES-CASTILLO,
  a/k/a "Molesto,"
DAVID ARTURO PEREZ-MANCHAME,
  a/k/a "Walter Melendez,"
  a/k/a "Herbi," a/k/a "Catracho"
JOEL VARGAS-ESCOBAR,
  a/k/a "Momia," and
ALEXANDER DE JESUS FIGUEROA-
  TORRES,

Case No. 2:19-cr-00103-GMN-MDC

**Government's Response to Defense Request for Unconscious Bias Video (ECF Nos. 265, 276, 286)**[1]

---

[1] Certification: This response is timely filed. *See* ECF No. 236. The parties met and conferred on April 2, 2025, and during that conference the government informed the defense that it will be deferring to the Court. This position was correctly reiterated in ECF 282.

Defendants.

## INTRODUCTION

Defendants Figueroa-Torres, Perez-Manchame, and Reyes-Castillo ask the Court to play a video regarding unconscious bias to the prospective jury venire. ECF Nos. 265, 276, 286. Although there is no requirement that this video be played, the government understands that it is the common, if not standard practice of the Court to play the requested video. The government defers to the Court's discretion regarding whether to play the video.

## ARGUMENT

It is a well-settled Constitutional guarantee that a defendant has the right to a fair trial by an impartial jury. *See e.g.*, *United States v. Patton*, 281 U.S. 276, 312-13 (1930) ("[T]he right of the accused to a trial by a constitutional jury [must] be jealously preserved."). As a litigant, the Government also "has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as the most likely to produce a fair result." *Singer v. United States*, 380 U.S. 24, 36 (1965); *United States v. United States Dist. Ct. for Eastern Dis. Of Cal.*, 464 F.3d 1065, 1070 (9th Cir. 2006).

Voir dire is a crucial step in protecting the parties' (both the Government and the Defendants) right to a fair trial. Thus, the trial court is given wide latitude to determine how best to conduct voir dire. *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). The trial court is charged with ensuring not only that the voir dire effectively obtains an impartial jury, but also "to see that this result is obtained with reasonable expedition." *United States v. Jones*, 722 F.2d 528, 529 (9th Cir. 1983) (citation omitted).

The government, along with defense, is interested in ensuring a fair trial occurs, which includes avoiding bias—conscious or unconscious. The government also recognizes that efforts to root out bias take many forms, and no single method is required. It is the government's

understanding that it is the common, if not standard practice of many courts in this District to play the video requested by the moving defendants. Although playing that video is not required, the government will defer to the Court's discretion regarding whether to play that video in this case.

## CONCLUSION

The government defers to the Court's considerable discretion regarding whether to play the unconscious bias video requested by the moving defendants.


DATED this 7th day of April 2025.

SIGAL CHATTAH
United States Attorney

*/s/ Melanee Smith*
*/s/ Steven Rose*
MELANEE SMITH
STEVEN ROSE
Assistant U.S. Attorneys


DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section

*/s/ Christopher Taylor*
*/s/ Justin G. Bish*
CHRISTOPHER TAYLOR
JUSTIN G. BISH
Trial Attorneys
Violent Crime and Racketeering Section
U.S. Department of Justice