# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.

JOSE LUIS REYNALDO REYES-CASTILLO, *et al.*,

              Defendants.

Case No.:2:19-cr-00103-GMN-MDC

**ORDER DENYING MOTION TO DISMISS COUNTS**

Pending before the Court is the Joint Defense Objections to the Government's Proposed Jury Instructions, (ECF No. 536), which the Court construes as a Motion to Dismiss all counts in the Third Superseding Indictment charging a violation of 18 U.S.C. §§ 924(c)(1)(A) and (j). The Government filed a Response, (ECF No. 574), to which Defendants replied, (ECF No. 603). For the reasons discussed below, the Court DENIES the Defense's Joint Motion to Dismiss, (ECF No. 536).

On February 25, 2025, a federal grand jury returned a Third Superseding Indictment ("Indictment"), (ECF No. 223), charging Defendants Jose Luis Reynaldo Reyes-Castillo, David Arturo Perez-Manchame, Joel Vargas-Escobar, and Alexander De Jesus Figueroa-Torres[1] with 34 counts consisting of various interrelated offenses in furtherance of a criminal enterprise: the Mara Salvatrucha gang, commonly known as MS-13. (*See generally* Indictment, ECF No. 223). The charged offenses include 18 U.S.C. § 1962(d) (RICO Conspiracy); § 1959(a)(1) (Murder in Aid of Racketeering); § 1959(a)(1) (Kidnapping in Aid of Racketeering); § 1959(a)(5) (Attempted Murder in Aid of Racketeering); § 924(c)(1)(A) (Using or Carrying a Firearm

---

[1] Defendant Alexnader Figueroa-Torres pleaded guilty to counts 1–4 of the Indictment on January 21, 2026. (*See* Change of Plea Mins., ECF No. 365).

During a Crime of Violence); § 924(j) (Causing Death Through the Use of a Firearm); and § 2 (Aiding and Abetting). (*See generally id.*).  A jury trial commenced in this case on March 23, 2026. (Mins., ECF No. 430).

To be valid, an offense charged under 18 U.S.C. §§ 924(c)(1)(A) or (j) requires the commission of a predicate "crime of violence," which the statute defines as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).  Further, to qualify as a crime of violence, the offense must require a *mens rea* of intentional conduct by the defendant; an offense that can be committed with a *mens rea* of negligence or recklessness will not qualify. *Borden v. United States*, 593 U.S. 420, 445 (2021).  Here, the predicate crime of violence corresponding to each set of §§ 924(c)(1)(A) and (j) counts is Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(1), which in turn is predicated on murder in violation of Nevada Revised Statutes ("NRS") 200.010, 200.030(1), (2), and 195.020. (*See, e.g.*, Indictment 24:10–11, 27:10–11). The Government's proposed jury instructions ask the Court to instruct the jury that each of the Murder in Aid of Racketeering Counts is a crime of violence under § 924(c)(3)(A). (*See, e.g.*, Proposed Jury Instr. 47:3–4, ECF No. 396).

The Defense takes issue with those proposed instructions, arguing instead that Murder in Aid of Racketeering based on murder in violation of Nevada state law cannot be a crime of violence. (Mot. Dismiss Counts 3:1–12, ECF No. 536).  Thus, the Defendants argue, all counts charging violations of §§ 924(c)(1)(A) and (j) are invalid because they are not based on a requisite "crime of violence" as defined in § 924(c)(3)(A). (*Id.*).

The Defense's argument proceeds in two steps.  First, the Defense contends that the Court must apply the "categorical approach" to determine whether an offense qualifies as a "crime of violence" under § 924(c)(3)(A). (*Id.* 4:14–15 (citing *United States v. Buck*, 23 F.4th 919, 924 (9th Cir. 2022)).  "'Under that by-now-familiar method, applicable in several statutory

contexts, the facts of a given case are irrelevant,' and [the court's] focus is 'whether the elements of the statute of conviction meet the federal standard.'" *United States v. Begay,* 33 F.4th 1081, 1090 (9th Cir. 2022) (quoting *Borden*, 593 U.S. at 424). "Unless the least culpable act criminalized [by the statute] entails that force, the statute is not a categorical match with the elements clause, and it does not qualify as a crime of violence." *Id.* at 1091.

Second, under the categorical approach, the Defense contends that neither first degree murder nor second degree murder under Nevada law qualify as "crimes of violence," and thus all counts charging violations of §§ 924(c)(1)(A) and (j) are invalid. (Mot. Dismiss Counts 7:15–13:26). Specifically, the Defense avers that first degree murder under Nevada law is not a crime of violence because the offense can be committed by alternative means, and not all of those means require that the offense be committed purposefully or intentionally. (*Id.* 13:5–13). Further, the Defense argues that second degree murder under Nevada law, as defined by Nevada Revised Statute 200.030(2) as all kinds of murder other than first degree murder, is not a crime of violence because "not every murder under Nevada law requires the use, attempted use, or threatened use of" physical force. (*Id.* 9:8–14).

However, the Court is unpersuaded that the categorical approach applies in this trial context at all. Indeed, the cases cited by the Defense employing the categorical approach all take place in the sentencing context. *See, e.g.*, *United States v. Elmore*, 118 F.4th 1193 (9th Cir. 2024) (reviewing denial of 28 U.S.C. § 2255 motion to vacate sentence); *United States v. Mathews*, 37 F.4th 622 (9th Cir. 2022) (same); *United States v. Bryant*, Case No. 2:06-cr-00234-GMN-GWF-1, 2019 WL 4751854, at *6–7 (D. Nev. Sept. 30, 2019) (granting 28 U.S.C. § 2255 motion). As another Judge in this District has recognized, "[t]he categorical approach . . . 'has been rarely utilized outside its original intended purpose'"—sentencing proceedings. *United States v. Sandoval*, Case No. 2:15-cr-00159-JCM-NJK, 2015 WL 13738814, at *2 (D. Nev. Oct. 27, 2025) (declining to apply the categorical approach when analyzing a motion to dismiss

counts in the indictment).  The "value and utility" of the categorical approach is "questionable in the present context where the violent nature of the" underlying charged conduct is "readily apparent from the face of the Indictment." *Id.* (quoting *United States v. Strandberry*, 139 F. Supp. 3d 734, 736 (E.D. Va. 2015); *see Johnson v. United States*, 576 U.S. 591, 604–05 (2015) ("Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.") (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

The Supreme Court in *Mathis v. United States*, 579 U.S. 500 (2016), described the rationale behind the application of the categorical approach to determine whether a defendant's prior conviction constituted a "violent felony" under 18 U.S.C. § 924(e)(1).  There, the Court explained that the use of an "elements-only inquiry" was proper because reviewing courts would need to examine old convictions and guilty pleas and allowing a sentencing judge to go any further than an identification of the elements of conviction "would raise serious Sixth Amendment concerns." *Mathis*, 579 U.S. at 511.  Because only "a jury, and not a judge, may find facts that increase a maximum penalty . . . a judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense." *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  Further, the *Mathis* Court explained that "an elements-focus avoids unfairness to defendants" because "[s]tatements of 'non-elemental fact' in the records of prior convictions are prone to error precisely because their proof is unnecessary." *Id.* at 512 (quoting *Descamps v. United States*, 570 U.S. 254, 270 (2013)).

Here, neither of those reasons apply.  The Court is not reviewing a prior conviction with little context but rather sits in the middle of a lengthy and detailed jury trial where the violent nature of the charged conduct is readily apparent.  The Defense's argument would hold invalid the charged violations of §§ 924(c)(1)(A) and (j) even if the Defendants were convicted under a means or theory of first-degree murder which "has as an element the use, attempted use, or

threatened use" of physical force, just because another means or theory does not.  While such an "elements-only inquiry" may make sense for the reasons stated above, in the sentencing context on review of a prior state conviction, the Court finds it does not make sense here.

Accordingly,

**IT IS HEREBY ORDERED** that the Defense's Joint Motion to Dismiss Counts, (ECF No. 536), is **DENIED**.

**DATED** this __1__ day of June, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court