**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JOSE LUIS REYNALDO REYES-CASTILLO, *et al.*,<br>Defendants. | Case No.: 2:19-cr-00103-GMN-MDC<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court is the Motion to Dismiss Counts, (ECF No. 685), filed by Defendant Jose Luis Reynaldo Reyes-Castillo. Further pending before the Court is the Motion to Dismiss Duplicative Counts of the Third Superseding Indictment, (ECF No. 689), filed by the Government. Finally pending before the Court is the Motion to Dismiss Counts, (ECF No. 691), filed by Defendant Joel Vargas-Escobar.

For the reasons discussed below, the Court GRANTS the Government's Motion to Dismiss, GRANTS, in part, and DENIES, in part, Defendant Reyes-Castillo's Motion to Dismiss, and DENIES Defendant Vargas-Escobar's Motion to Dismiss.

## I. BACKGROUND

On February 25, 2025, a federal grand jury returned a Third Superseding Indictment ("Indictment"), (ECF No. 223), charging Defendants Jose Luis Reynaldo Reyes-Castillo, David Arturo Perez-Manchame, Joel Vargas-Escobar, and Alexander De Jesus Figueroa-Torres[1] with 34 counts consisting of various interrelated offenses in furtherance of a criminal enterprise: the Mara Salvatrucha gang, commonly known as MS-13. (*See generally* Indictment, ECF No. 223).

[1] Defendant Alexnader Figueroa-Torres pleaded guilty to counts 1–4 of the Indictment on January 21, 2026. (*See* Change of Plea Mins., ECF No. 365).

The charged offenses included 18 U.S.C. § 1962(d) (RICO Conspiracy), § 1959(a)(1) (Murder in Aid of Racketeering); § 1959(a)(1) (Kidnapping in Aid of Racketeering), § 1959(a)(5) (Attempted Murder in Aid of Racketeering); § 924(c)(1)(A) (Using or Carrying a Firearm During a Crime of Violence); § 924(j) (Causing Death Through the Use of a Firearm); and § 2 (Aiding and Abetting). (*See generally id.*). A jury trial commenced in this case on March 23, 2026. (Mar. 23 Mins., ECF No. 430).

Prior to trial, the Defendants moved to dismiss either their § 924(c)(1)(A) counts or their § 924(j) counts under the Supreme Court's recent decision in *Barrett v. United States*, 607 U.S. 128 (2026). (*See* Mot. Dismiss, ECF No. 364); (Reyes-Castillo Joinder, ECF No. 368); (Vargas-Escobar Joinder, ECF No. 373). In *Barrett*, the Supreme Court concluded that Congress did not authorize convictions under both §§ 924(c) and (j) for a single act that violates both provisions. 607 U.S. at 149. In response to the Defendants' Motions to Dismiss, the Government acknowledged that the Court could not impose judgment under both §§ 924(c) and (j) but argued that the Court should elect to dismiss either the §§ 924(c) and (j) counts after trial. (Gov. Resp. 3:12–4:2, ECF No. 378) (citing *Ball v. United States*, 470 U.S. 856, 865 (1985)). The Court denied the Defendants' Motions to Dismiss without prejudice. (Calendar Call Mins., ECF No. 415).

At the conclusion of trial, Defendants Reyes-Castillo and Vargas-Escobar were each convicted of several counts under §§ 924(c), (j), and 1959(a)(1). (*See* Jury Verdict, ECF No. 662).[2] Defendants Reyes-Castillo and Vargas-Escobar now move to dismiss their counts under §§ 1959(a)(1) and 924(c). (Reyes-Castillo Mot. Dismiss 3:11–14, ECF No. 685); (Vargas-Escobar Mot. Dismiss 2:13–15, ECF No. 691).

///

[2] Defendant Perez-Manchame was not convicted of any counts under §§ 924(c) or (j). (*See* Jury Verdict, ECF No. 662)

## II. LEGAL STANDARD

"The Fifth Amendment's prohibition on double jeopardy protects against being punished twice for a single criminal offense." *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). "When a defendant has violated two different criminal statutes, the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Id.* To determine whether two statutory provisions prohibit the same offense or whether one offense is a lesser-included offense of the other, courts "examine each provision to determine if it 'requires proof of a[n additional] fact which the other does not.'" *Id.* (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). In *Barrett*, the Supreme Court, applying the *Blockburger* test, concluded that § 924(c) is a lesser-included offense of § 924(j). 607 U.S. at 139.

If the Court concludes that two or more statutory provisions define the same offense or that one offense is a lesser-included offense of the others, the Court must exercise its discretion in vacating one or more of the counts. *United States v. Maier*, 646 F.3d 1148, 1154 (9th Cir. 2011). "The choice of which count to vacate is fundamentally a sentencing decision," and "district courts making such determinations must evaluate the factors set forth in 18 U.S.C. § 3553(a), which lists the policies Congress has established to guide courts in federal sentencing." *Id.* (citing *Rita v. United States*, 551 U.S. 338, 347–48 (2007)). Generally, absent unusual circumstances, "a district court 'should' exercise its discretion to vacate the lesser-included offense." *Id.* Nonetheless, where there are compelling reasons to do so, a district court maintains the discretion to vacate the greater offense. *See id.* ("An analysis rooted in [the sentencing] factors may also lead to the conclusion that the greater offense should be vacated.").

///

///

## III. <u>DISCUSSION</u>

### A. The Parties' Arguments

Defendants Reyes-Castillo and Vargas-Escobar (the "moving Defendants") move to dismiss their counts under §§ 1959(a)(1) and 924(c), arguing that both charges are included offenses to § 924(j). (Reyes-Castillo Mot. Dismiss 3:11–14); (Vargas-Escobar Mot. Dismiss 2:13–15). While *Barrett* only addressed §§ 924(c) and (j), Defendants Reyes-Castillo points to the following colloquy between Justice Kagan and Assistant to the Solicitor General Aimee Brown which took place at oral argument:

> **Justice Kagan:** Do you think that there are cumulative punishments authorized for both (j) and the predicate offense?
> **Ms. Brown:** We don't, no, because there's no language in 924(j) that authorizes those cumulative punishments for the predicate offense of (c) or (c)'s own predicate.

Transcript of Oral Argument at 48, Barrett v. United States, 146 S. Ct. 482 (2026) (No. 24-5774); (Reyes-Castillo Mot. Dismiss 4:5–14).

Here, the predicate offense for each of Defendant Reyes-Castillo and Vargas-Escobar's charges under §§ 924(c) and (j) is § 1959(a)(1), which defines murder in aid of racketeering. *See* 18 U.S.C. § 1959(a)(1). The moving Defendants argue that based on the Government's concession at oral argument, this Court can impose judgment under only one of either §§ 924(c), (j), or 1959(a)(1). The Government "agrees with the analysis" in Defendant Reyes-Castillo's Motion to Dismiss, and requests that the Court dismiss the moving Defendants' counts under both §§ 924(c) and (j), and retain their counts under § 1959(a)(1). (Gov. Mot. Dismiss 2:8–3:2, ECF No. 689). Relevant here are the different sentencing schemes set out by these criminal statutes—section 1959(a)(1) mandates life imprisonment, whereas §§ 924(c) and (j) do not. *Compare* 18 U.S.C. § 1959(a)(1) *with* 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii), (j)(1)–(2).

**B. The Sentencing Factors**

Here, several of the sentencing factors weigh in favor of vacating the §§ 924(c) and (j) counts and retaining the § 1959(a)(1) counts.[3] First, the nature and circumstances of the charged crimes are striking—Defendant Vargas-Escobar was convicted of one murder, while Defendant Reyes-Castillo was convicted of eight murders. (*See generally* Jury Verdict); 18 U.S.C. § 3553(a)(1). Each of those murders was committed in an intentionally sadistic and gruesome way, all targeted young men, and all were committed for the purpose of increasing the moving Defendants' status in MS-13. Second, retaining the moving Defendants' § 1959(a)(1) counts will reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the offenses. 18 U.S.C. § 3553(a)(2)(A). As explained, each of these murders was committed to further the interests of MS-13, and to further the moving Defendants' standing within MS-13. Testimony was received about how the organization encouraged members to commit violent crimes in the most heinous manner and that organization continues to operate today—retaining the § 1959(a)(1) counts is therefore essential to demonstrate that this activity is intolerable under the law. Third, for those same reasons, retaining the § 1959(a)(1) counts provides adequate deterrence to future criminal conduct of this kind. 18 U.S.C. § 3553(a)(2)(B). Finally, retaining the § 1959(a)(1) counts ensures that the public is protected from future crimes of the moving Defendants. 18 U.S.C. § 3553(a)(2)(C).

Moreover, the moving Defendants do not provide persuasive reasons in support of vacating the § 1959(a)(1) counts. Defendant Vargas-Escobar argues that retaining the § 924(j) counts will allow the Court to impose an individualized sentence *up to* life imprisonment, in contrast to the rigid mandatory life sentence imposed by § 1959(a)(1). (Vargas-Escobar Mot.

---

[3] Defendant Reyes-Castillo was also convicted of attempted murder under 18 U.S.C. § 1995(a)(5), reflected in Count 25 of the Third Superseding Indictment. (Jury Verdict at 31). Further, Defendant Reyes-Castillo was convicted of using and carrying a firearm under § 924(c)(1)(A) in relation to that attempted murder offense, reflected in Count 26. (*Id.* at 32). While not explicitly mentioned by Defendant Reyes-Castillo, the Court also applies its analysis of the § 3553(a) factors in determining whether to vacate Count 26 and retain Count 25.

Dismiss 2:15–18). However, Defendant Vargas-Escobar does not argue why such an individualized sentence would be preferable under the § 3553(a) factors, nor is the Court persuaded that it would be.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Reyes-Castillo's Motion to Dismiss, (ECF No. 685), is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss, (ECF No. 689), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Vargas-Escobar's Motion to Dismiss, (ECF No. 691), is **DENIED**.

**IT IS FURTHER ORDERED** that Counts 6 and 7 of the Third Superseding Indictment, (ECF No. 223), are **VACATED** with respect to Defendant Vargas-Escobar.

**IT IS FURTHER ORDERED** that the following Counts of the Third Superseding Indictment are **VACATED** with respect to Defendant Reyes-Castillo: Counts 6, 7, 10, 11, 14, 15, 20, 21, 23, 24, 26, 31, and 32.

**DATED** this 13 day of November, 2026.

___________________________________
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT